FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 21, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MOUNTAIN WEST FARM BUREAU MUTUAL INSURANCE COMPANY, a Wyoming corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>J. TIM JACKSON and ROBERTA JACKSON, husband and wife; IBEX CONSTRUCTION, INC., a Washington corporation; STEVEN O. ANDERSON as personal representative of the ESTATE OF EDWARD K. DUMAW, on behalf of the Estate and surviving family members, CARRIE DUMAW, KRISTEN DUMAW, MEGAN DUMAW, and ANNA DUMAW, individually; RICHARD WAGONER and VALERIE WAGONER, husband and wife; THEODORE LISTER; DALE RANDALL HILL; JACK STEGALL, JR.; FELIX W. SCHUCK; INLAND NORTHWEST EQUIPMENT AUCTION, INC., d/b/a REINLAND | No. 2:18-cv-00396-SAB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1**

| | |
|---|---|
| AUCTIONEERS, a Washington corporation; REINLAND, INC., d/b/a REINLAND EQUIPMENT AUCTION, an Idaho corporation; REINLAND PROPERTIES, LLC, an Idaho limited liability company; THOMAS REINLAND and KUNYA REINLAND, husband and wife; ASHLY REINLAND and JOHN DOE REINLAND, husband and wife; PACIFIC HIDE & FUR DEPOT, d/b/a PACIFIC STEEL & RECYCLING, a Montana corporation; PACIFIC HIDE & FUR DEPOT, INC., a Washington corporation; GORDON BECK and JANE DOE BECK, husband and wife, Defendants. | |

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 26, and the parties' Stipulation for Entry of Declaratory Judgment in Favor of Plaintiff, ECF No. 33. The motions were heard without oral argument.

This is an action for declaratory judgment brought by the insurance company that insured Defendants J. Tim and Roberta Jackson. This lawsuit arises out of the explosion at a recycling facility of a 55-gallon unmarked metal tank that contained chlorine gas, causing significant and injuries and death to persons who were working at the recycling facility.

## Motion Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2**

there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**Background Facts**

This case is a companion case to three cases proceeding in Spokane County Superior Court. Plaintiff Mount West Farm Bureau Mutual Insurance Company comes to federal court seeking a declaratory judgment that it does not have a duty to defend or otherwise provide coverage for any claims asserted against its insured, Defendant J. Tim and Roberta Jackson.

The Jackson Defendants own Defendant Ibex Construction, which is located in Spokane, Washington. The Jackson Defendants contracted with Defendant Reinland Auctioneers to clear the Ibex Construction property of scrap metal and

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3**

old equipment. Defendant Reinland Auctioneers contracted with Defendant Gordon Beck to remove certain pieces of scrap metal off the property. Defendant Beck loaded the bigger pieces of the scrap metal, including a 55-gallon unmarked metal tank, into a dump truck owned by Defendant Pacific Steel & Recycling. ("PS&R"). An employee of Defendant PS&R drove the truck to its recycling facility. The metal, including the unmarked tank, was loaded into a crusher. When the tank was crushed, it exploded and chlorine gas was released, causing considerable injuries and death to nearby employees.

## Interpreting Insurance Contracts

Montana law applies to the interpretation of the insurance contract.[1] The interpretation of an insurance contract is a question of law. *Fisher v. State Farm Mut. Auto. Ins. Co.*, 305 P.3d 861, 865 (Mont. 2013). When interpreting an insurance contract, Montana courts accord the usual meaning to the terms and the words used and construe them using common sense. *Id.* An insurance contract is ambiguous if it is "reasonably subjected to two different interpretations." *Id.* (citation omitted). Whether a provision of an insurance contract is "reasonably susceptible to two different interpretations," is determined from "the viewpoint of a consumer with average intelligence, but untrained in the law or the insurance business." *Id.* (citation omitted). That said, a provision is not ambiguous "just because a claimant says so or just because the parties disagree as to its meeting." *Id.* (citation omitted). *Id.* at 866. "Courts should not ... 'seize upon certain and definite covenants expressed in plain English with violent hands, and distort them so as to include a risk clearly excluded by the insurance contract.'" *Id.* (citation

---

[1] 25. Terms of Policy to Conform to Statute

\*\*\*

State of Montana—The provisions of this policy conform to the minimum requirements of Montana law and control over any conflicting statutes of any state in which the "insured" resides on or after the effective dates of the policy. ECF No. 1, Ex. 1.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4**

omitted). Because insurers draft the language of insurance contracts and the object of an insurance contract is to give protection to the insured, Montana courts construe ambiguous provisions "against the insurer and in favor of extending coverage." *Id.*

"Exclusions from coverage will be narrowly and strictly construed because they are contrary to the fundamental protective purpose of an insurance policy." *Revelation Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 206 P.3d 919, 929 (Mont. 2009).

## Insurance Policy at Issue

The Jackson Defendants purchased an insurance policy from Plaintiff. ECF No. 1, Ex. 1. The policy included property coverage, liability coverage, automobile coverage, and an umbrella coverage, although only the scope of the liability coverage and umbrella coverage are at issue in this case. *Id.* at 23.[2] The policy declarations indicate the Insured Location was S20, T3S, R1W, Madison County, MT--330 Sterling Rd., Norris MT 59745. *Id.* Under Additional Policy Declaration Schedule of Coverage – Section II – Liability Coverages, it lists the "Insured Location" as s20, T3S, R1W, Madison County, Montana. *Id.* at 28.

The policy provided:

### Farm Liability

Under **Section II- "Farm" Liability Coverage**, the policy states: "We" will pay all sums for which an "insured" is legally liable because of "bodily injury" or "property damages" caused by an "occurrence" to which this coverage applies.

*Id.* at 58.

Under the **Exclusions section**, damages for bodily injury or property damages are not covered for any of the following:

---

[2]Plaintiff did not provide Bates stamps when it attached the policy to the Complaint. The Court will cite to the page number of the policy itself for ease of reference.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5**

6. **"Business" activities**. Any "business" activities of an insured.

22. **Locations Not Insured**. Any location that an "insured:"
a. owns;
b. rents, leases; or
c. controls
other than the "insured location."

*Id.* at 61-62.

## Umbrella Policy

Under **Section V – Umbrella**, the policy states:

> "We" will pay all sums for which an "insured" is legally liable, because of "bodily injury," property damage" or "personal and advertising injury" caused by an "occurrence" to which this coverage applies.

*Id.* at 84.

Under the **Exclusions section**, damages for bodily injury or property damages are not covered for any of the following:

> 8. **"Business" activities.** Any "business" activities of an "insured," except to the extent that coverage is provided by the "underlying insurance" for "business' activities coverage as shown in the "Declarations."
>
> 28. **Locations Not Insured**. Any location that an "insured:"
> a. owns;
> b. rents, leases; or
> c. controls
> other than the "insured location."

*Id.* at 85, 87.

The following terms are defined in the policy:

"**Business**" means a full-time, part-time or occasional trade, profession or occupation regardless of compensation. *Id.* at 32.

"**Business personal property**" means personal property owned by an "insured" and used in the continuing and regular course of the "insured's" "business operations." This does not include merchandise held for sample or sale.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6**

*Id.*

"**Insured Locations**" means all locations shown in the "Declarations" where "you" maintain a "farm" or "residence premises." This also includes:

1. Locations acquired by "you" during the policy period for "your" use as a "residence premises."
2. "Your" cemetery plots or burial vaults.
3. A location at which "you" temporarily reside but do not own.
4. Vacant land owned by "you" and shown in the "Declarations" or acquired by "you" during the policy period.

*Id.* at 34.

"**Residence premises**" means a residence shown in the "Declarations" that is:

1. A one-two-three- or four-family dwelling that is "your" principal residence, including its grounds and private garages.
2. Part of any other building that is "your" principal residence.

*Id.* at 35.

## Defendants' Argument

Defendant Felix Schuck was injured by the explosion. Defendant Steven Anderson is the personal representative of the Estate of Edward K. Dumaw, who was a PS&R employee killed by the explosion. These Defendants are the only named Defendants who are opposing Plaintiff's Motion for Summary Judgment.

Defendants assert it is undisputed that "bodily injury" caused by an "occurrence," as defined by the contract, occurred. Thus, there is coverage under the policy unless an exclusion to the coverage applies. Defendants make a myriad of arguments as to why none of the exclusions apply. First, they maintain that because the Jacksons split their time in 2015 between the Spokane property where Ibex Construction was located and their Norris, Montana property, it can be reasonable to assume the umbrella coverage policy extends to the Jacksons' monetary and real property assets in both locations.[3] Defendants believe the

---
[3] The Jacksons would stay on the Spokane property in a recreational trailer for weeks at a time.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7**

Spokane property is a residence because the Jacksons resided there part-time. They argue that the ambiguity of the definition of "principal residence" begs the question of whether the Jacksons' Spokane property where they resided in a trailer qualifies as a principal residence, and thus, coverage must be extended pursuant to Montana law.

Defendants argue the "Location Not Insured" exclusion does not apply because the location where the explosion occurred (PS&R) is not owned, rented, leased, or controlled by the Jacksons.

Defendants assert the business exception does not apply because the Jacksons had shut down their business several years earlier and prior to August 12, 2015, when the explosion occurred. Defendants rely on the fact that the Jacksons declined to renew their construction contractors license for IBEX as a construction entity, so it officially expired on April 22, 2015. Defendants maintain the sole reason the Jacksons were present on the property was to sell their personal property. They maintain this activity cannot be construed in any way as a business activity. They also argue that because the Jacksons were never in business where chlorine was used, the tank must be considered personal property, rather than any business interest/property. They argue it is reasonable to assume that the Jacksons saw the tank on their property when they stayed in their trailer.

Finally, Defendants argue that because Plaintiff's website boasts about the quality of their umbrella coverage, the Court should find the umbrella policy covers the damages caused by the explosion. The catch phrases from the website include "increased protection," "Personal injury coverage," and "worldwide coverage."

## Analysis

Here, the Court finds declaratory judgment in favor of Plaintiff is appropriate. "Insured Location" requires that the covered locations be shown in the Declarations or meet four criteria that are not applicable here. It is undisputed that

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8**

the only location shown in the Declarations was the Norris, Montana residence. The Spokane property is not covered because it meets the definition of Locations Not Insured and does not qualify as a "residence premises." It was not acquired during the policy in question and a residence premises must be included in the Declarations. While the Jackson Defendants owned the Spokane property where the tank was located, that property is not an "Insured Location" and the exclusion applies. An average consumer would not find the Policy ambiguous. The definitions precluding coverage apply to both the Liability Policy and the Umbrella Policy. Consequently, there is no coverage for the Spokane location and no coverage for any claim against the Jackson Defendants as a result of the explosion that occurred in Spokane, Washington.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, ECF No. 26, is **GRANTED**.
2. Plaintiff's Stipulation for Entry of Declaratory Judgment in Favor of Plaintiff, ECF No. 33, is **GRANTED**.

//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~** 9

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendants declaring as a matter of law that:

1. The Mountain West Farm Bureau Mutual Insurance Company "Country Squire Policy" No. CQM15825 issued to defendants J. Timothy Jackson and Roberta Jackson does not provide for either the defense of, or indemnity coverage for, the personal injury claims and alleged damages plead in any of the subject lawsuits involving these parties arising out of the chlorine gas release occurring on the business premises of Pacific Steel & Recycling in Spokane, Washington on August 12, 2015; and

2. Mountain West Farm Bureau Mutual Insurance Company has no further duty to defend defendants J. Timothy Jackson, Roberta Jackson, or IBEX Construction, Inc., in any of the subject lawsuits involving these parties arising out of the August 12, 2015 chlorine gas release on the Pacific Steel & Recycling premises; and

3. Each party that stipulated to the entry of the declaratory judgment shall bear their own respective attorney's fees and costs of litigation.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 21st day in November 2019.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10**